# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 22-5197

September Term, 2022

FILED ON: APRIL 25, 2023

KURT KANAM, IN HIS CAPACITY AS CHAIRMAN OF THE PILCHUCK NATION AND PILCHUCK NATION,
APPELLANTS

v.

DEBRA A. HAALAND, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE INTERIOR, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-01690)

Before: HENDERSON, KATSAS and WALKER, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the district court and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** that the district court's judgment be **AFFIRMED**.

Kurt Kanam claims to lead a group called the Pilchuck Nation. Kanam controls an organization called the Native American Justice Project. In 2012, the Native Village of Karluk, Alaska purported to appoint this organization as its court. The putative Karluk Tribal Court then issued a two-page judgment declaring the Pilchuck Nation to have been a party to the Treaty of Point Elliott, an 1859 agreement between the United States and various Indian tribes.

In 2014, Kanam sent the Department of the Interior a one-page letter asking the Department to recognize the Pilchuck Nation as an Indian tribe based on the tribal court judgment. Interior ignored the letter. In 2021, the Pilchuck Nation sent a materially identical request, which Interior also ignored. Kanam and the Pilchuck Nation then sued to compel Interior to recognize the Nation. The district court dismissed the action based on the plaintiffs' failure to exhaust administrative remedies.

We affirm.  DOI regulations set forth a process for putative Indian tribes to seek federal recognition.  *See* 25 C.F.R. pt. 83.  This Court has long held that tribes seeking recognition "must pursue the Part 83 process."  *Mackinac Tribe v. Jewell*, 829 F.3d 754, 757 (D.C. Cir. 2016); *see Muwekma Ohlone Tribe v. Salazar*, 708 F.3d 209, 218–19 (D.C. Cir. 2013); *James v. HHS*, 824 F.2d 1132, 1136–37 (D.C. Cir. 1987).  It is undisputed that the Pilchuck Nation failed to do so, which dooms this lawsuit.

Plaintiffs respond that the Karluk Tribal Court judgment compels Interior to recognize the Pilchuck Nation.  Plaintiffs rely on a finding in the Federally Recognized Indian Tribe List Act of 1994 that "Indian tribes presently may be recognized by Act of Congress; by the administrative procedures set forth in" part 83; "or by a decision of a United States court."  Pub. L. No. 103–454, § 103(3), 108 Stat. 4791, 4791.  Plaintiffs contend that the tribal court judgment is a decision of a "United States court," but that term plainly references the federal courts.  *Cf.* 28 U.S.C. § 451 (defining "court of the United States" to mean specified courts established by Congress).  Moreover, plaintiffs do not explain how a congressional finding in the List Act—describing how tribes previously were recognized—could impose any mandatory duty on Interior.

Plaintiffs further note that Kanam sent the tribal court judgment to the clerk of the District Court for the Western District of Washington.  The clerk file-stamped the judgment and docketed it as a miscellaneous matter.  Plaintiffs appear to argue that this action registered the tribal court judgment as a foreign judgment that now binds Interior and has preclusive effect in this circuit.  This argument is also meritless because the Western District of Washington did not adjudicate the status of the Pilchuck Nation or act on the tribal court judgment in any way.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk